# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 08-02806-AB (GJSx) | Date: July 7, 2017 |

Title: *Jayantibhai Patel et al v. City of Long Beach et al.*

---

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] **ORDER TO SHOW CAUSE** Why Case Should Not Be Dismissed for Failure to Prosecute

Based on the representations made in City's Status Report (Dkt. No. 134) regarding Plaintiffs' failure to engage in meaningful settlement efforts, and based on Plaintiffs' failure to file pretrial documents due June 30, the Court hereby **ORDERS Plaintiffs TO SHOW CAUSE, in writing, no later than Friday July 14, 2017**, why this case should not be dismissed for Plaintiffs' failure to prosecute and for failure to comply with Court-ordered deadlines.

The sole remaining issue is Plaintiffs' damages arising from City's unlawful seizure. This is a narrow issue. The ADR deadline was June 30. City's Status Report states that Plaintiffs have not responded meaningfully to City's efforts to negotiate, and have not provided a demand or otherwise responded to City's Rule 68 offer, so no mediation has occurred. The docket also reflects Plaintiff have not filed pretrial documents that were due June 30. Under no circumstances will the Court allow this case to go to trial unless the parties use their best efforts to resolve it, and unless Plaintiffs file the required pretrial

documents. The Court is willing to allow the parties to attempt mediation after the deadline, but the mediation must be conducted in good faith.

Based on the Status Report, and on the fact that City did file pretrial documents due June 30, it appears that City has taken the responsibility for advancing the case while Plaintiffs have failed in this regard. But this is Plaintiffs' case, so Plaintiffs bear the primary responsibility for ensuring it is ready for trial. If Plaintiffs wish to pursue their claim, they must provide a demand to City, mediate, and file the necessary pretrial documents.

**To respond to this OSC, Plaintiffs must at a minimum:**

1. respond to City's claim that Plaintiffs have not meaningfully participated in settlement efforts;

2. state whether they made a demand of City;

3. explain why they have not filed the pretrial documents due on June 30;

4. propose a new deadline for mediation;

5. indicate that they have a settlement conference scheduled with Magistrate Judge Standish; and

6. propose whatever new deadlines are necessary.

Plaintiff must meet and confer with City on items 4-6. The Response must include an appropriate Proposed Order to adjust deadlines.

**If Plaintiffs fail to respond to the OSC by the deadline the entire case will be dismissed, without further notice, for failure to prosecute and for failure to obey court orders.**

**IT IS SO ORDERED.**