OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach. CA 90802-4664

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| JAYANTIBHAI PATEL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH, a municipal corporation, and DOES 1-10, Inclusive,<br><br>Defendant. | **Case No.: CV 08-02806-AB (GJSx)**<br><br>Honorable Andre Birotte, Jr.<br><br>**FINAL JUDGMENT** |

Based on the Stipulation by and between Plaintiffs JAYANTIBHAI PATEL, dba PRINCESS INN and DAKSHA PATEL ("Patels") and Defendant CITY OF LONG BEACH ("City"), that:

The Patels, together with the City, by and through their authorized representatives, have entered into a Stipulation for Entry of Final Judgment, consenting to this entry of this Final Judgment, and reserving preserving the Patel's right to appeal the Court's November 15, 2016, Minute Order wherein the Court determined Plaintiffs pled no Fourth Amendment basis for their state law claims, and because the record could support no such claim, the Ninth Circuit's order did not affect Plaintiffs' dismissed state law claims, providing no reason for their reinstatement, in this matter and this Final Judgment.

1
**FINAL JUDGMENT**

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

The Court finds that:

1. On April 29, 2008, City employees took several of the Patels motel registry slips for photocopying; and in seizing the slips, the City employees acted intentionally and the seizure was unreasonable;

2. The City employees acted under color of state law under Long Beach Municipal Code 5.48.010, which included subdivision (E) that allowed police officers and other City financial officials to inspect certain guest registry information upon demand, without a warrant or consent. Such inspections have been found to be pursuant to an unconstitutional official policy and a violation of the Fourth Amendment under 42 U.S.C. section 1983 for which the City of Long Beach is responsible;

3. Plaintiffs JAYANTIBHAI PATEL, dba PRINCESS INN and DAKSHA PATEL are deemed the prevailing parties for the purpose of determination of the award for reasonable attorney's fees as part of the costs available under 42 U.S.C. section 1988. Notwithstanding the designation as "prevailing party", the date of recovery of Plaintiffs attorney's fees or costs in this case is <u>cut-off</u> as of <u>January 30, 2017</u>. After <u>January 30, 2017</u>, the parties shall bear their own attorney's fees and costs; and

4. Plaintiffs JAYANTIBHAI PATEL, dba PRINCESS INN and DAKSHA PATEL oppose this Court's ruling of November 15, 2016, wherein it was determined the Patel's pled no Fourth Amendment basis for their state law claims, and because the record could support no such claim, the Ninth Circuit's order did not affect Plaintiffs' dismissed state law claims, providing no reason for their reinstatement. (Doc 123). The Patels reserve and preserve their right to appeal this adverse ruling pursuant to this mutual settlement for consideration reached by the Patels and the City, which expressly preserves the Patels right to appeal this adverse ruling.
/ / /

Therefore, **the Court hereby ORDERS, ADJUDGES and DECREES:**

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach, CA 90802-4664

1. Judgment shall be entered in favor of Plaintiffs JAYANTIBHAI PATEL, dba PRINCESS INN and DAKSHA PATEL and against Defendant CITY OF LONG BEACH;

2. Defendant CITY OF LONG BEACH shall pay Plaintiffs JAYANTIBHAI PATEL, dba PRINCESS INN and DAKSHA PATEL the total sum of Seven Thousand Five Hundred Dollars as damages for the violation of their Fourth Amendment rights to be paid within forty-five days of Entry of Judgment;

3. Plaintiffs JAYANTIBHAI PATEL, dba PRINCESS INN and DAKSHA PATEL are deemed the prevailing party for the purposes of determination of the award for reasonable attorney's fees as part of the costs available under 42 U.S.C. section 1988. Notwithstanding the designation as "prevailing party", the date of recovery of Plaintiffs attorney's fees or costs in this case is <u>cut-off</u> as of <u>January 30, 2017</u>. After <u>January 30, 2017</u>, the parties shall bear their own attorney's fees and costs;

4. Any motion to determine the amount of attorney's fees and costs, including any motion to determine attorney's fees for the Plaintiffs' previous appeal to the United States Court of Appeals for the Ninth Circuit in Docket No. 09-56699, shall be served and filed no later than ninety days after Entry of Judgment. (L.R. 54-10);

5. Pursuant to this Court's Final Judgment and the mutual settlement for consideration reached by the parties, which expressly preserves the Patels right to appeal this Court's adverse ruling that determined the Patel's pled no Fourth Amendment basis for their state law claims, and because the record could support no such claim, the Ninth Circuit's order did not affect Plaintiffs' dismissed state law claims, providing no reason for their reinstatement; Plaintiffs JAYANTIBHAI PATEL dba PRINCESS INN and DAKSH PATEL reserve and preserve their right to appeal the November 15, 2016 ruling. (Doc. 123); and

6. The Court shall retain jurisdiction over this matter for purposes of enforcing this Final Judgment;

/ / /

DATED: June 7, 2018

By: _____
André Birotte Jr., Judge
United States District Court

OFFICE OF THE CITY ATTORNEY
CHARLES PARKIN, City Attorney
333 West Ocean Boulevard, 11th Floor
Long Beach. CA 90802-4664